IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jana Warner, | ) | C/A No. 3:17-1936-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lexington Medical Center; Evelyn Settle, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Jana Warner, filed this employment action alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq.; and state law against the named defendants, who are her former employer ("LMC") and supervisor. The defendants removed this action from the Richland County Court of Common Pleas, then filed the pending motions to dismiss Warner's Amended Complaint. (ECF Nos. 7 & 13.)

**BACKGROUND**

Briefly, this matter arises out of Warner's termination from employment by LMC when she left early from a night shift at approximately 5:40 a.m. Warner was suffering pain from various maladies and sought permission from Defendant Settle to leave early. Settle completed a form indicating that Warner was leaving her shift prior to its completion, which Warner signed. According to the Amended Complaint, Settle then altered the form indicating that Warner had left early and quit. Several hours later, LMC informed Warner that her resignation had been accepted. Warner explained that she did not intend to quit, but her employment was terminated. Warner's

PJG

causes of action that are the subject of the defendants' motions to dismiss are her state law claim for fraud against both defendants and her federal ADA retaliation claim against LMC.

## DISCUSSION

A.     **Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Also applicable here, Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice requires." Nevertheless, leave to amend may be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of

the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006).

**B.     Warner's Claims**

Defendants LMC and Settle both assert that the Amended Complaint filed in the Richland County Court of Appeals prior to removal does not meet the pleadings standards in federal court. Additionally, both defendants contend that the Amended Complaint does not meet the pleading standards specific to fraud claims. See, e.g., Hollman v. Woolfson, 683 S.E.2d 495, 499 (S.C. 2009) ("A cause of action for fraud requires: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) either knowledge of the falsity of the representation or reckless disregard of its truth or falsity; (5) the intent that the representation be acted on; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely on the representation; and (9) the hearer's consequent and proximate injury.") (citing Schnellmann v. Roettger, 645 S.E.2d 239 (S.C. 2007)); Rule 9(b), SCRCP ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."); see also Fed. R. Civ. P. 9(b) (same).

In her response to the defendants' motions, Warner appears to modify her theory of the case. For example, she rests her opposition to Defendant LMC's motion on a theory of constructive fraud. And with regard to Defendant Settle's motion, she posits the theory that Settle made a material misrepresentation to Warner through words and conduct that Warner could leave work early without adverse consequences, upon which Warner relied. (Cf. Am. Compl. ¶ 41, ECF No. 1-1 at 7) (alleging that Settle misrepresented on the LMC form that Settle "left work unfinished" and "quit").

As to her ADA retaliation claim against LMC, Warner's memorandum suggests that she may be pursuing a claim that LMC retaliated against her by transferring her after she requested an accommodation due to her fibromyalgia pain. Because it appears that the pleading deficiencies identified by the defendants may be cured—or at least warrant additional briefing and scrutiny under these apparent theories of her case—the court grants Warner leave to file a second amended complaint to attempt to cure those deficiencies within seven days of the date of this Order. The defendants are granted fourteen days following the filing of any such second amended complaint to supplement their memoranda in support of their motions to dismiss, or to file new motions if that is more appropriate.

Failure to cure the deficiencies identified in the defendants' motions may result in a recommendation for dismissal of the subject claims.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 2, 2017
Columbia, South Carolina