IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jana Warner, | ) | C/A No. 3:17-1936-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Lexington Medical Center; | ) | |
| Evelyn Settle, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, Jana Warner, filed this employment action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*; the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, *et seq.*; and asserting state law violations, including defamation, fraud, and constructive fraud, against her former employer, Lexington Medical Center (LMC), and her former supervisor, Evelyn Settle (Settle). (ECF No. 34). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the case was referred to a Magistrate Judge for Review.

I.   PROCEDURAL BACKGROUND

Plaintiff filed her Amended Complaint in state court on June 16, 2017. (ECF No. 1-1). On July 21, 2017, LMC filed its Notice of Removal. (ECF No. 1). Plaintiff filed her Second Amended Complaint on November 9, 2017. (ECF No. 34). On November 21, 2017, LMC filed a partial motion to dismiss, asserting that Plaintiff's cause of action

1

against LMC for constructive fraud should be dismissed. (ECF No. 36). Plaintiff responded to the Defendant's Motion on December 5, 2017 (ECF No. 42), and Defendant replied to Plaintiff's Response on December 12, 2017 (ECF No. 43). On February 22, 2018, the Magistrate issued a Report and Recommendation (Report). (ECF No. 48).

## II. LEGAL STANDARD

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation, recommending that Defendant's Partial Motion to Dismiss should be granted. (ECF No. 48). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life*

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

*& Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

**III.  ANALYSIS**

The Magistrate found that Plaintiff's claim against LMC for constructive fraud should be dismissed because "the Complaint fails to set forth facts plausibly alleging the existence of the requisite fiduciary relationship to support a claim of constructive fraud." (ECF No. 48 p. 4).

> [T]o recover upon the grounds of actual fraud based on representation, the following elements must be shown: (1) a representation; (2) falsity; (3) its materiality; (4) knowledge of the falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance upon the truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Moorhead v. First Piedmont Bank and Tr. Co.*, 273 S.C. 356, 359, 256 S.E.2d 414, 416 (1979) (citing *O'Shields v. S. Fountain Mobile Homes*, 262 S.C. 276, 282, 204 S.E.2d 50, 52 (1974)). "Where the complaint omits allegations *on any element of fraud*, the trial court should grant the defendant's motion to dismiss the claim." *Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993) (emphasis added) (citing *Inman v. Ken Hyatt Chrysler Plymouth, Inc.*, 294 S.C. 240, 242, 363 S.E.2d 691, 692 (1988)).

To establish constructive fraud, a plaintiff must establish all of the above nine elements of fraud except for the element of intent. *Id.* at 516, 431 S.E.2d at 269. Thus, "[n]either actual dishonesty of purpose nor intent to deceive is an essential element of constructive fraud." *Id.* at 516, 431 S.E.2d at 269–70. "However, in a constructive fraud case where there is no confidential or fiduciary relationship, and an arm's length

3

transaction between mature, educated people is involved, there is no right to rely." *Id.* at 516, 431 S.E.2d at 270 (citing *Poco-Grande Invs. v. C. & S Family Credit, Inc.*, 301 S.C. 322, 325, 391 S.E.2d 735, 735 (Ct. App. 1990)).

Under South Carolina law, "[a] fiduciary relationship is founded on the trust and confidence reposed by one person in the integrity and fidelity of another." *Moore v. Moore*, 360 S.C. 241, 250, 599 S.E.2d 467, 472 (Ct. App. 2004) (citing *Ellis v. Davidson*, 358 S.C. 509, 519, 595 S.E.2d 817, 822 (Ct. App. 2004); *Regions Bank v. Schmauch*, 354 S.C. 648, 670, 582 S.E.2d 432, 444 (Ct. App. 2003); *Redwend Ltd. P'ship v. Edwards*, 354 S.C. 459, 476, 581 S.E.2d 496, 505 (Ct. App. 2003)). Such a relationship exists "when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interest of the one imposing the confidence." *Id.* (citing *Hendricks v. Clemson Univ.*, 353 S.C. 449, 458, 578 S.E.2d 711, 715 (2003); *O'Shea v. Lesser*, 308 S.C. 10, 15, 416 S.E.2d 629, 631 (1992); *251 SSI Med. Servs., Inc. v. Cox*, 301 S.C. 493, 500, 392 S.E.2d 789, 794 (1990); *Regions Bank*, 354 S.C. at 670, 582 S.E.2d at 444; *Steele v. Victory Sav. Bank*, 295 S.C. 290, 293, 368 S.E.2d 91, 93 (Ct. App. 1988)). Moreover, to constitute a fiduciary relationship, the relationship must be something more than "casual." *Id.* at 251, 599 S.E.2d at 472.

The Plaintiff objects to the Magistrate's finding that there is no fiduciary relationship between the Plaintiff and her employer, LMC, alleging that Plaintiff's situation was "unique" and that "state law creates a fiduciary duty" where nurses are

involved. (ECF No. 49 p. 3). Specifically, Plaintiff claims that the South Carolina Nursing Code of Ethics creates the requisite fiduciary duty. (ECF No. 49 p. 4). Plaintiff, however, provides no case law to support its assertion that the Nursing Code of Ethics creates a fiduciary duty between LMC and the Plaintiff. Moreover, although South Carolina courts have not addressed the specific issue of whether a nurse and her employer have a fiduciary relationship, at least one other court has addressed the issue, and it determined that no such fiduciary relationship exists. *See State v. Massien*, 926 N.E.2d 1282, 1291 (Ohio 2010) ("[T]he duty of care imposed by law on a nurse toward his or her patients does not create a fiduciary relationship between the nurse and his or her employer-hospital.").

In her Report, the Magistrate also noted that Plaintiff failed to provide legal authority to support the assertion that the ADA or the FMLA create a fiduciary duty between Plaintiff and LMC. (ECF No. 48 p. 4). In her Objection, Plaintiff repeated her assertion that the ADA and the FMLA create a fiduciary relationship between her and LMC; however, Plaintiff again failed to provide any legal authority for her assertion. (ECF No. 49 p. 9). Therefore, Plaintiff's objections are unfounded. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017) (noting that a specific objection to the Magistrate's Report requires more than a reassertion of arguments or a mere citation to legal authorities).

## IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's recommendation. Therefore, Defendant's Partial Motion to Dismiss (ECF No. 36) is granted.

IT IS SO ORDERED.

June 12, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge